UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

IL UNG KIM, YOUNG BAE RHA, GARY SWANSON,

    Defendants.

No. CR 06-0692 PJH

**ORDER GRANTING MOTION TO QUASH**

On July 25, 2007, the International Trade Commission's ("ITC") motion to quash defendant Gary Swanson's ("Swanson") Federal Rule of Criminal Procedure 17(c) subpoena came on for hearing before the court. ITC appeared through its counsel, Neal J. Reynolds, and Swanson appeared through his counsel, John F. Bartko, of Bartko, Zankel, Tarrant & Miller. Having read the papers filed in conjunction with the motions and carefully considered the arguments and the relevant legal authority, and for the reasons stated on the record, the court GRANTS the ITC's motion.

A Rule 17(c) subpoena is not intended to serve as a discovery tool or to allow fishing expeditions seeking unknown evidence. *See Bowman Dairy Co. v. United States*, 341 U.S. 214, 221-22 (1951); *United States v. Mackey*, 647 F.2d 898, 901 (9th Cir. 1981). The Supreme Court has held that the proponent of the subpoena "must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity." *United States v. Nixon*, 418 U.S. 683, 700 (1974). Additionally, the proponent must also show that the materials sought are unavailable through any other means and that they are necessary for preparation for trial.

*Id.* at 702.  The court may quash or modify the subpoena if compliance would be unreasonable or oppressive.  Fed.R.Crim.P. 17(c)(2).

At the hearing, the parties clarified that they had reached an agreement with respect to many of the documents sought by the subpoena, and that the only remaining documents at issue with respect to the motion to quash included: (1) the unredacted version of the ITC's determination in the anti-dumping proceedings, and the evidence supporting the determination; and (2) the unredacted version of the parties' briefs submitted to the ITC in conjunction with the anti-dumping proceedings, and the materials referenced in the briefs.

The court GRANTS ITC's motion for the reasons stated on the record because Swanson has not demonstrated that the materials sought are relevant, admissible, and/or specific as required by Rule 17(c).  *See Nixon*, 418 U.S. at 700.  At the outset, the court notes that it previously made no findings regarding the materiality and/or relevance of the documents in its May 9, 2007 ruling on Swanson's motion to compel discovery.

In sum, looking first at the unredacted parties' briefs and supporting documents sought by Swanson, the court finds that Swanson is unable to demonstrate that the briefs and related materials, which presumably contain primarily third-party attorney argument, are admissible under the Federal Rules of Evidence ("FRE") 803(8)(c), 801(d)(2), or 803(3).

Turning next to the evidence supporting the ITC determination, putting aside the issue of relevance, the court finds that Swanson has not provided sufficient specificity with respect to the evidence; nor has he demonstrated that the evidence is admissible.  The supporting evidence presumably consists of the testimony of other third parties, and therefore is not admissible under the public record or state-of-mind hearsay exceptions, as advanced by Swanson.  Additionally, assuming that the ITC determination constituted a party-opponent admission under FRE 801(d)(2), the same is not the case with the

supporting evidence.[1]

Finally, turning to the ITC determination itself, there is no dispute that the ITC is prohibited by statute from disclosing the confidential information, and that Swanson does not satisfy any of the statutory exceptions permitting disclosure.  *See* 19 U.S.C. § 1677f.  However, the court is not bound by the statute, and as a result, is required to balance Swanson's interest in the confidential information with the ITC's interest in protecting its confidentiality.  Given Congress' intent to protect the information, the court finds that Swanson would need to demonstrate a sufficiently compelling need for the information in order to warrant overriding the statutory prohibition on disclosure.  On balance, the court is not persuaded, given the public information already available to Swanson, the ramifications of disclosure on future ITC proceedings, and the strong policy interests in nondisclosure, that Swanson has made a sufficient showing that the unredacted ITC determination is relevant and necessary to his trial preparation, thus warranting disclosure.

For the reasons set forth on the record, and reiterated above, the court GRANTS ITC's motion to quash Swanson's Rule 17(c) subpoena to the extent he seeks disclosure of the unredacted version of the ITC's determination in the anti-dumping proceedings and the evidence supporting the determination; and the unredacted version of the parties' briefs submitted to the ITC in conjunction with the anti-dumping proceedings and the materials referenced in the briefs.

**IT IS SO ORDERED.**

Dated: July 27, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge

---

[1] The court, however, makes no such finding as to the ITC determination at this time.  As the prosecution's and ITC's papers have demonstrated, it is questionable whether the ITC can be considered a party to Swanson's criminal prosecution.

3