1
2
3
4
5
6
7

**United States District Court**
For the Northern District of California

8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

9                    Plaintiff,                                    No. CR 06-0692 PJH

10              v.

11

12   GARY SWANSON,                          **ORDER REQUIRING FURTHER**
                                            **HEARING REGARDING**
13                                          **COCONSPIRATOR STATEMENTS**

                     Defendant.
14   _____/

15            At the pretrial conference on November 7 and 8, 2007, the court advised that it

16   found the government's position regarding the procedure for introducing coconspirator

17   statements under Federal Rule of Evidence ("FRE") 801(d)(2)(E) unclear.  The court noted

18   the Ninth Circuit's recent decision regarding the *admissibility* of such statements, which

19   requires the prosecution to show by a preponderance of the evidence that: (1) the

20   conspiracy existed when the statement was made; (2) the defendant had knowledge of,

21   and participated in, the conspiracy; and (3) the statement was made "in furtherance" of the

22   conspiracy.  *United States v. Larson*, 460 F.2d 1200, 1212 (9th Cir. 2006).

23            The court pointed out that the government had not clearly articulated its position

24   regarding the showing, if any, required prior to *introduction* (as opposed to *admission*) of

25   coconspirator statements.  The court further noted that in most criminal cases, the specific

26   coconspirator statements are identified in advance of trial, enabling a determination as to

27   admissibility prior to the introduction of the statements at trial.  The court further queried the

28   government regarding its use of what appeared to be a representative "sampling" of

**United States District Court**
For the Northern District of California

1  coconspirator-type evidence.  The court was unclear whether the government actually

2  sought admission of the "sampling" of the evidence it proffered (attached to Lynch Decl.) or

3  whether the "sampling" was simply to provide the court with some idea of the type of

4  evidence the government would seek to introduce at trial.  Given these concerns, the court

5  requested both parties to file supplemental briefs addressing these concerns and setting

6  forth their specific proposal for the *introduction* and *admission* of coconspirator evidence at

7  trial.

8        The court has been extremely disappointed with the briefing by both sides on most

9  of the pretrial matters currently pending.  Perhaps because of the volume of paper

10  comprising the case files or the time constraints imposed by pretrial preparation, the briefs

11  have lacked clarity, have not been directly responsive to opposing briefs, have been

12  internally inconsistent, and generally have been unhelpful to the court.  The supplemental

13  briefs filed in response to what the court believed was a very clear directive – clearly set

14  forth a procedure for the introduction and admission of coconspirator statements – have

15  completely flummoxed the court.  This is why:

16        The government's supplemental brief contains the following passages with respect

17  to its proposed procedure:

18  1.    The government requests that the court conditionally admit statements that are in

19  furtherance of the conspiracy subject to the statements later being connected up with

20  extrinsic evidence showing both the existence of the conspiracy and the defendant's

21  connection to that conspiracy. Suppl. Br. at 1.

22  2.    The government has already proffered evidence and will present more evidence at

23  trial sufficient to satisfy the requirements for admission of coconspirator statements.  Suppl.

24  Br. at 2.

25  3.    The government has already provided the court with sufficient evidence to satisfy the

26  first two prongs of the *Larson* test by a preponderance of the evidence.  Suppl. Br. at 3.

27  4.    Once we satisfy these two prongs of the *Larson* test at trial, the government need

28

United States District Court
For the Northern District of California

only demonstrate whether a particular statement offered into evidence was made in furtherance of the conspiracy. *Id.*

5.      The government proposes that it be allowed to offer into evidence statements in furtherance of the conspiracy subject to them being connected up later through introduction of sufficient evidence of the existence of the conspiracy and the declarant's or defendant's participation in the conspiracy. Suppl. Br. at 4.

6.      The government has already provided the court with sufficient evidence to satisfy the first two prongs of the *Larson* test by a preponderance of the evidence. The government intends to offer witnesses who will establish a conspiracy and defendant's connection to the conspiracy early on in its case. Suppl. Br. at 6.

7.      Once the government has made the threshold showing that there was a conspiracy and that defendant was involved in that conspiracy, by a preponderance of the evidence, the court can admit the statements into evidence without condition.   Suppl. Br. 6.

The defendant's supplemental brief, on the other hand, raises more questions than it answers, but appears to suggest that the court decide the admissibility of a coconspirator statement following the examination of each witness testifies about such a statement. This approach, however, conflicts with authority that the court should consider all the evidence, even the defendant's in making the ultimate admissibility determination. *See* Graham, Federal Practice & Procedure § 7025, at 316-17 (2006 ed. & 2007 suppl.) ("[a]t the conclusion of the presentation of evidence, the trial court on motion must determine *on all the evidence including evidence offered by the defendant* whether the government has established the requisite foundation") (emphasis added).

Needless to say, following the court's review of the supplemental briefs, the court is no closer, and is indeed farther from an answer as to appropriate procedure to follow. It is also apparent to the court that part of the problem is that the parties know what the coconspirator statements are and the court does not; and the parties understand the significance of the hundreds of exhibits that they will seek to introduce and the court does

United States District Court

For the Northern District of California

1    not.  Accordingly more information will have to be provided to the court, and the

2    government must bear in mind that as the proponent of this evidence, it must bear the

3    laboring oar.

4         As the court has no confidence that its questions will be answered by further

5    briefing, it elects instead to order the appearance of the parties at a further hearing to

6    provide the additional clarification needed.  The hearing will occur on **Wednesday,**

7    **November 28, 2007, at 2:30 p.m.**

8         To assist the parties in preparing for this hearing, the court sets forth below the

9    relevant legal standards it has located regarding the order of proof for coconspirator

10   statements.  The court begins by noting that, in its supplemental brief, the government did

11   not provide the court with any legal authority supporting its suggestion that the order of

12   proof regarding the introduction of coconspirator statements should be any different in

13   criminal antitrust cases than it is in any other criminal case, as it suggested at the pretrial

14   conference.  Accordingly, in the absence of such authority, the court will apply the same

15   legal standards as applies to any criminal case.

16        First, it is clear that it is within this court's discretion to determine the order of proof

17   or the showing, if any, that is appropriate prior to the government's *introduction* of the

18   coconspirator statements.  *United States v. Arbelaz*, 719 F.2d 1453, 1460 (9th Cir. 1983)

19   (concluding that it was not an abuse of discretion for the court to allow the government to

20   introduce coconspirator statements prior to establishing prima facie the existence of a

21   conspiracy).  Courts have utilized various approaches regarding the order of proof.  One

22   such approach has been the provisional or conditional admission of the statement subject

23   to it later being "connected up" at "the conclusion of the presentation of evidence," at which

24   time the court must determine whether the government has established the requisite

25   foundation (in this case, as set forth by the Ninth Circuit in *Larson*) to be more probably true

26   than not true.  *See* Graham, Federal Practice & Procedure § 7025; Mueller & Kirkpatrick, 4

27   Federal Evidence, § 8:62, Procedure for Applying Coconspirator Exception (2007 suppl.);

28

4

*Arbelaz*, 719 F.2d at 1460.

Another approach includes what has essentially been deemed a mini-trial or *James* hearing in advance of trial at which the court may consider each proffered coconspirator statement and determine whether the government has established the required foundational requirements as to each statement.  *See* Graham, Federal Practice & Procedure, at § 7025 (citing *United States v. James*, 590 F.2d 575, 581-82 (5th Cir. 1979)). In a third approach, which has been deemed the "middle course," the court requires the government to make a preliminary showing or summary of its evidence establishing the predicate facts, while deferring the final decision until the conclusion of the presentation of the evidence.  *See* Mueller & Kirkpatrick, 4 Federal Evidence, at § 8:62; *see also United States v. Cox*, 923 F.2d 519, 526 (7th Cir. 1991) (the "preferable procedure would be to at least require the government to preview the evidence which it believes brings the statements within the coconspirator rule before delving into the evidence at trial").

This court finds the Seventh Circuit's discussion in *Cox* of the alternative procedures helpful in considering which approach is appropriate in this case.  923 F.2d at 526 (noting that alternatives include: (1) the court ruling on each statement as it is elicited based on the evidence the government has adduced to that point; (2) conditional admission of the evidence in the absence of a pretrial proffer subject to eventual proof of the foundational requirements; and (3) holding a "full blown" preliminary hearing to consider all of the evidence concerning the coconspirator statements).  The court is NOT inclined to follow the first alternative, a version of which appears to be advanced by Swanson in his supplemental brief, simply because the court finds that it should consider ALL of the evidence in determining whether the foundational requirements have been satisfied – not just that at the point in time at which a particular witness testifies.  *See* Graham, Federal Practice & Procedure § 7025, at 316-17.  Instead, the court is inclined to follow one of the latter two approaches set forth in *Cox*, perhaps as modified, and will determine the appropriate procedure following the November 28, 2007 hearing.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1    The court sets forth a list of its questions and concerns that the parties should be

2    prepared to address at the hearing.

3    **For the Government**

4    **1.**    **Evidence Government Seeks to Admit/ Exhibits Attached to the Lynch**

5    **Declaration:** It is unclear to the court a) whether the government seeks a pretrial

6    ruling regarding the *admissibility* of any or all of the documents attached to the

7    Lynch Decl. (defendant's supplemental brief at footnote 3 refers to "pre-admitted

8    unreliable emails"), b) whether the government even intends to seek the admission

9    into evidence of these documents, which include witness interview memoranda and

10   emails, or c) whether these documents are intended simply as some kind of prima

11   facie showing of the existence of a conspiracy.  The court is unclear whether the

12   government will seek to introduce the documents standing alone or through the

13   testimony of the author or recipient.  The court has already determined that emails

14   standing alone are not business records and that they are also not likely to be

15   admitted as embodying present sense impressions.  Thus if these documents (and

16   presumably others like them) are to be introduced, they must constitute

17   coconspirator statements, the only other hearsay exception claimed by the

18   government.  The court has reviewed many of the documents and cannot identify

19   what the coconspirator statements are and more importantly on what specific

20   statements the government relies.  This is particularly true of the long memoranda of

21   interviews.   Assuming the government seeks pretrial admission of the actual

22   documents attached to the Lynch Declaration, it will be required to specify which

23   particular statements within the documents it contends constitute the coconspirator

24   statements and what, if any evidence, apart from the statements themselves support

25   its threshold showing.

26   Additionally, it remains unclear to the court what additional evidence, if any,

27   the government seeks to admit as coconspirator statements.  If the documents

28

6

**United States District Court**
For the Northern District of California

1   attached to the Lynch Decl. are merely a preview or "illustrative" of the types of

2   statements and/or evidence it seeks to introduce, the court is unclear regarding how

3   it is supposed to be aware of the actual coconspirator statements upon which it will

4   be or is being asked to rule, or when and how the government intends to present the

5   coconspirator statements to the court.  The court requests clarification if the

6   government seeks to present coconspirator statements through the testimony of its

7   witnesses or through documents like the one attached to the lunch declaration, or

8   both.

9   **2.**   **Timing Issue:** To the extent that the government suggests that this court may

10   determine pretrial that it has established the first prong of the *Larson* test for

11   admissibility – that the conspiracy existed *when the statement was made* – the

12   government should clarify *how* this court should make such a foundational finding

13   absent a proffer as to the specific statement and/or evidence as to when the

14   statement was made.

15   **3.**   **Foundational Showing:** The court remains unclear as to the government's position

16   regarding how and when it will demonstrate that *each* proffered coconspirator

17   statement satisfies *each* of the three *Larson* prongs and when the court will have

18   sufficient information to rule.  In other words, again, what is the **procedure** that the

19   government proposes.

20   **Defendant**

21   **1.**   **Witness v. Documentary Evidence Distinction:** Defendant has suggested both at

22   the pretrial hearings and in his supplemental papers that his "real" issue is with the

23   documentary evidence, including that attached to the Lynch Decl.  It is unclear to the

24   court what defendant's position is with respect to *witness* testimony regarding

25   coconspirator statements, and whether defendant objects to the introduction of

26   *witness* testimony that contains coconspirator statements on the same grounds that

27   he objects to the documentary evidence.

28

7

United States District Court

For the Northern District of California

2. **Approach to Introduction/Admission of the Evidence:** Defendant suggests in his supplemental brief that this court adopt a witness-by-witness approach to ruling on the admissibility of coconspirator statements.  However, it appears to the court that the final admissibility ruling should be based on *all* of the evidence presented at trial. The court is unclear how to reconcile this legal standard with defendant's proposal. Assuming the court rejects this proposal, defendant should be prepared to propose another.

3. **Multiple Conspiracy Determination:** In his supplemental brief, defendant suggests that the court will be able to determine at the time the witness testifies whether the declarant and the defendant were members of the same conspiracy, and/or whether multiple conspiracies existed such that they were members of different conspiracies. However, it appears to the court that such a determination is not appropriate until the close of the evidence.

**IT IS SO ORDERED.**

Dated: November 16, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge